UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL MAXSON, II,

               Petitioner,                  CIVIL ACTION NO. 06-CV-15191

vs.                                     DISTRICT JUDGE PAUL D. BORMAN
                                          MAGISTRATE JUDGE DONALD A. SCHEER

GERALD HOFBAUER,

               Respondent.
_____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: The instant Petition for Writ of Habeas Corpus should be dismissed

as Petitioner has shown no violations of his federal constitutional rights.

*    *    *

Petitioner, Daniel Maxson, II, a Michigan prisoner convicted of first and second

degree criminal sexual conduct, filed a Petition for a Writ of Habeas Corpus under

28 U.S.C. § 2254, on November 21, 2006, by and through the federal defender's office,

challenging the validity of his underlying state convictions. Following a jury trial, Petitioner

was convicted of one count of first degree criminal sexual conduct (CSC-I) and one count

of second degree criminal sexual conduct (CSC-II) in the Tuscola County Circuit Court.

The court sentenced him to concurrent terms of nine to twenty-five years' for CSC-I and six

to fifteen years for CSC-II.

Petitioner filed an appeal as of right in the Michigan Court of Appeals and, in an

unpublished per curiam opinion dated December 1, 2005, the Court affirmed the

convictions. (Docket #255729). Thereafter, Petitioner filed an application for leave to appeal with the Michigan Supreme Court. On January 27, 2006, the Court rejected the application as untimely.

Petitioner then filed the instant Petition for Writ of Habeas Corpus challenging his sentence only. He maintains that his sentence was imposed in violation of Blakely v. Washington, 524 U.S. 296, 124 S.Ct. 2531 (2004) because the trial judge allegedly increased his sentence based on findings of fact made by the judge and not the jury. Petitioner argues that he is entitled to resentencing.

Respondent filed an Answer to the Petition on May 25, 2007, and supplemented on January 25, 2008, contending that Petitioner's claim is without merit. Respondent asserts that Blakely, *supra*, does not apply to Michigan's system of indeterminate sentencing because, under that system, the maximum term is not set by the sentencing judge, but rather determined by statute. In a response to Respondent's supplemental answer, dated May 9, 2008, Petitioner claims that it is "intellectually lazy to proclaim Michigan's sentencing scheme constitutional based simply on its status as 'indeterminate' sentencing scheme under an imprecise definition of that term". [Petitioner's Supplemental Brief at p. 16]. The case was referred to the undersigned on June 18, 2008.

STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996), effective April 24, 1996, significantly changed the manner

in which federal courts review habeas petitions. See 28 U.S.C. § 2254.  Pursuant to the

amended provisions of § 2254(d), a writ of habeas corpus may not be granted unless the

state court proceedings:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

In reviewing the petition to determine, pursuant to subsection (2), whether the decision was

based on an unreasonable determination of facts, we presume correct the factual findings

made by the state court, § 2254(e)(1), and the petitioner may rebut the presumption of

correctness only with clear and convincing evidence. Warren v. Smith, 161 F.3d 358, 360-

361 (6th Cir. 1998).

        The Supreme Court in Williams v. Taylor, 529 U.S. 362 (2000), set forth the

standard of review that a federal habeas court must apply under § 2254(d) with respect to

the effect of federal law.   The Court held that a decision of the state court is "contrary to"

clearly established federal law "if the state court arrives at a conclusion opposite to that

reached by this Court on a question of law or if the state court decides a case differently

than this Court has on a set of materially indistinguishable facts." Id. at 412. The Court

further held that an "unreasonable application" occurs when "the state court identifies the

correct legal principle from this Court's decision but unreasonably applies that principle to

the facts of the prisoner's case." Id. at 408.  A federal habeas court may not find a state

adjudication to be "unreasonable" "simply because that court concludes in its independent

judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411.

EXCESSIVE SENTENCE

Petitioner asserts that he is entitled to habeas relief because the trial court relied upon inaccurate information at sentencing and failed to individualize his sentence. Petitioner claims that the trial court incorrectly scored Offense Variable 4 (psychological injury to the victim), Offense Variable 10 (exploitation of vulnerable victim) and Offense Variable 13 (continuing pattern of criminal behavior). Respondent contends that the claims are not cognizable upon habeas review and/or lack merit.

Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review, unless the petitioner can show that the sentence imposed exceeds the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne,* 185 F.Supp.2d 741, 745 (E.D.Mich.2001). To the extent that Petitioner asserts that his sentence is disproportionate under state law, he fails to state a claim for federal habeas relief. See Austin v. Jackson, 231 F.3d 298, 300 (6th Cir.2000) (citing *Pulley v. Harris,* 465 U.S. 37, 41 (1984)); *Atkins v. Overton,* 843 F.Supp. 258, 260 (E.D.Mich.1994). There is also no federal constitutional right to individualized sentencing. *See United States v. Thomas,* 49 F.3d 253, 261 (6th Cir.1995). Furthermore, it is well-established that federal habeas relief does not lie for perceived errors of state law. *See, e.g., Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991). Petitioner's challenge to the scoring of the offense variables is not cognizable on federal habeas review because it is basically a state law claim. *See Austin v. Jackson,* 213 F.3d 298, 301 (6th Cir.2000); *McPhail v. Renico,* 412 F.Supp.2d 647, 656 (E.D.Mich.2006); *Robinson v. Stegall,* 157 F.Supp.2d 802, 823 (E.D.Mich.2001). State

**4**

courts are the final arbiters of state law, and the federal courts will not intervene in such matters. *See Oviedo v. Jago,* 809 F.2d 326, 328 (6th Cir.1987). Habeas relief is not warranted on Petitioner's state law sentencing issues.

A sentence may violate due process, however, if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *See Townsend v. Burke,* 334 U.S. 736, 741 (1948); *see United States v.. Tucker,* 404 U.S. 443, 447 (1972); *United States v. Sammons,* 918 F.2d 592, 603 (6th Cir.1990) (holding that a criminal defendant must have a meaningful opportunity to rebut contested information at sentencing). To prevail on such a claim, the petitioner must show that the trial judge relied on the allegedly false information. *See United States v. Polselli,* 747 F.2d 356, 358 (6th Cir.1984); *Draughn v. Jabe,* 803 F.Supp. 70, 81 (E.D.Mich.1992).

Petitioner has made no such showing. The record reveals that the trial court considered the facts and circumstances of the crime, the police report, the pre-sentence report, and other permissible factors. Petitioner had an opportunity to contest the accuracy of the reports, the scoring of the guidelines, and other sentencing factors. Petitioner has not shown that the trial court relied upon materially false or inaccurate information in imposing sentence. Habeas relief is not warranted on this claim.

Petitioner also cannot prevail on a claim that he is entitled to habeas relief because the trial court violated his rights under *Blakely v. Washington,* 543 U.S. 296, 303-05 (2004) (holding that a state trial court's action in sentencing defendant beyond the statutory maximum of the standard range for his offense based upon judicial finding of deliberate cruelty violated Sixth Amendment right to trial by jury). *Blakely* does not apply to Michigan's

intermediate sentencing scheme. In Michigan, the maximum sentence is established by statute and cannot be varied by the sentencing judge; the judge's only discretion is in setting the minimum sentence. As recognized by this Court in Lucas v. McKee, 2007 WL 4180803 (E.D. Mich. 2007), every judge in the Eastern District of Michigan has examined Michigan's indeterminate sentencing scheme and has found no possible Sixth Amendment violation[1]. Habeas relief is not warranted on this claim.

Finally, Petitioner is not entitled to relief on any claim that his sentence constitutes cruel and unusual punishment under the Eighth Amendment. The United States Constitution does not require strict proportionality between a crime and its punishment. *See Harmelin v. Michigan,* 501 U.S. 957, 965 (1991); *United States v. Marks,* 209 F.3d 577, 583 (6th Cir.2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks,* 209 F.3d at 583. A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment". *Austin,* 213 F.3d at 302 (quoting *United States v. Organek,* 65 F.3d 60, 62

---

[1]See *Delavern v. Harry,* No.2007 WL 2652603, * 4 (E.D.Mich. September 7, 2007) (Rosen, J.); *Brown v. Bell,* No.2007 WL 2516933, * 2 (E.D.Mich. August 31, 2007) (Cohn, J.); *Anderson v. Lafler,* No.2007 WL 2480549, * 4 (E.D.Mich. August 29, 2007) (Borman, J.); *Couch v. Prelesnik,* No.2007 WL 2413090, *6 (E.D.Mich. August 21, 2007) (Friedman, J.); *Morgan v. Birkett,* 2007 WL 2318751, * 2 (E.D.Mich. August 9, 2007) (Hood, J.); *Moffett v. Davis,* No.2007 WL 2225875, * 4 (E.D.Mich. August 1, 2007) (Roberts, J.); *Logan v. Booker,* No.2007 WL 2225887, * 6 (E.D.Mich. August 1, 2007) (Duggan, J.); *Djoumessi v. Wolfenbarger,* No.2007 WL 2021837, * 17-18 (E.D.Mich. July 12, 2007) (Tarnow, J.); *Carattoni v. Stovall,* No.2007 WL 1976459, *3-4 (E.D.Mich. July 3, 2007) (Steeh, J.); *Jackson v. Curtin,* No.2007 WL 1675296, * 3 (E.D. Mich. June 11, 2007) (Edmunds, J.); *Davis v. Lafler,* No.2007 WL 1582221, * 13-14 (E.D.Mich. May 31, 2007) (O'Meara, J.); *Coffel v. Stovall,* No.2007 WL 1452918, * 3-4 (E.D.Mich. May 15, 2007) (Ludington, J.);. *Conner v. Romanowski,* No.2007 WL 1345066, * 4-6 (E.D.Mich. May 4, 2007) (Battani, J.); *Hall v. Lafler,* No.2007 WL 1017036, * 5 (E.D.Mich. April 2, 2007) (Zatkoff, J.); *Bell v. Booker, No.* 2007 WL 869169, * 2-3 (E.D.Mich. March 22, 2007) (Taylor, J.)

(6th Cir.1995)). "Federal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." The state trial court acted within its discretion in imposing Petitioner's sentence, and there is no extreme disparity between Petitioner's crimes and sentence so as to offend the Eighth Amendment. Habeas relief is not warranted. *Thomas,* 49 F.3d at 261.

For all of the above reasons, I find that there is no substantial showing of any violation of Petitioner's constitutional rights, and no basis under the highly deferential standard of the AEDPA to find any unreasonable application of clearly established federal law by the state trial courts in this case. Accordingly, it is recommended that the instant Petition for Writ of Habeas Corpus be dismissed.

The parties are advised that any objection to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Borman's acceptance thereof is waived.

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: July 29, 2008

_____

## CERTIFICATE OF SERVICE

I hereby certify on July 29, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on July 29, 2008. **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217