UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL MAXSON, II,

       Petitioner,                      CIVIL ACTION NO. 06-CV-15191

vs.                                    DISTRICT JUDGE PAUL D. BORMAN
                                       MAGISTRATE JUDGE DONALD A. SCHEER

GERALD HOFBAUER,

       Respondent.
_____/

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**RECOMMENDATION:** Petitioner's Application for Certificate of Appealability should be **DENIED**.

                                              *      *      *

Petitioner, Daniel Maxson, a state prisoner proceeding *pro se*, has timely filed a notice of appeal of this Court's dismissal of his application for a writ of habeas corpus. Before Petitioner can appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing is met if the petitioner demonstrates that the issues raised are debatable among jurists, that the court could resolve the issues differently, or that the questions deserve to proceed further. *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing, or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b).

In his application for a writ of habeas corpus, Petitioner challenged his sentence only. He maintained that his sentence was imposed in violation of Blakely v. Washington, 524 U.S. 296 (2004) because the trial judge allegedly increased his sentence based on findings of fact made by the judge and not the jury. Petitioner argued that he was entitled to resentencing. As discussed in the Magistrate Judge's Report and Recommendation, dated July 29, 2008, which was adopted by this Court in it's Opinion and Order Dismissing Petition for Writ of Habeas Corpus, Petitioner's claims are without merit.

Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review, unless the petitioner can show that the sentence imposed exceeds the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne,* 185 F.Supp.2d 741, 745 (E.D.Mich.2001). Petitioner made no such showing.

The record reveals that the trial court considered the facts and circumstances of the crime, the police report, the pre-sentence report, and other permissible factors. Petitioner had an opportunity to contest the accuracy of the reports, the scoring of the guidelines, and other sentencing factors. Petitioner has not shown that the trial court relied upon materially false or inaccurate information in imposing sentence. Habeas relief is not warranted on this claim.

Petitioner cannot prevail on a claim that he is entitled to habeas relief because the trial court violated his rights under *Blakely v. Washington,* 543 U.S. 296, 303-05 (2004) (holding that a state trial court's action in sentencing defendant beyond the statutory maximum of the standard range for his offense based upon judicial finding of deliberate cruelty violated Sixth Amendment right to trial by jury). *Blakely* does not apply to Michigan's indeterminate sentencing scheme. In Michigan, the maximum sentence is established by

**2**

statute and cannot be varied by the sentencing judge; the judge's only discretion is in setting the minimum sentence. As recognized by this Court in <u>Lucas v. McKee</u>, 2007 WL 4180803 (E.D. Mich. 2007), every judge in the Eastern District of Michigan who has examined Michigan's indeterminate sentencing scheme has found no possible Sixth Amendment violation. Habeas relief is not warranted on this claim. There is simply no substantial showing of any violation of Petitioner's Constitutional rights and, accordingly, the Application for Certificate of Appealability should be **DENIED**.

The parties are advised that any objection to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Borman's acceptance thereof is waived.

s/Donald A. Scheer  
DONALD A. SCHEER  
UNITED STATES MAGISTRATE JUDGE

DATED: December 31, 2009

_____

### CERTIFICATE OF SERVICE

I hereby certify on December 31, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on December 31, 2009: **None.**

s/Michael E. Lang  
Deputy Clerk to  
Magistrate Judge Donald A. Scheer  
(313) 234-5217